1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| LEG AVENUE, INC., a California corporation, | Case No.: 2:21-cv-07071-MWF-GJS<br>Hon. Michael W. Fitzgerald<br>Courtroom: 5A |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER[1] |
| BE WICKED, INC., a California corporation; DOES 1-10, inclusive, | [PROPOSED] ORDER |
| Defendant. | |

1.      A. PURPOSES AND LIMITATIONS

        Discovery in this action is likely to involve production of confidential,

proprietary or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may

be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

enter the following Stipulated Protective Order.  The parties acknowledge that this

Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, of which trade secrets, customer, vendor, and pricing lists of defendant is crucial to protect its interests from its competitors, including the plaintiff in this action, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

///

///

## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

3

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   DEFINITIONS

2.1   Action: this pending federal lawsuit.

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is

4

not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action.  The parties may stipulate that the they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

6

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

1    Upon timely correction of a designation, the Receiving Party must make reasonable

2    efforts to assure that the material is treated in accordance with the provisions of this

3    Order.

4    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5         6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

6    designation of confidentiality at any time that is consistent with the Court's

7    Scheduling Order.

8         6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

9    resolution process under Local Rule 37.1 et seq. To avoid ambiguity as to whether a

10   challenge has been made, the written notice must recite that the challenge to

11   confidentiality is being made in accordance with this specific paragraph of the

12   Protective Order. The parties shall attempt to resolve each challenge in good faith

13   and must begin the process by conferring directly (in voice to voice dialogue; other

14   forms of communication are not sufficient) within 14 days of the date of service of

15   notice. In conferring, the Challenging Party must explain the basis for its belief that

16   the confidentiality designation was not proper and must give the Designating Party

17   an opportunity to review the designated material, to reconsider the circumstances,

18   and, if no change in designation is offered, to explain the basis for the chosen

19   designation. A Challenging Party may proceed to the next stage of the challenge

20   process only if it has engaged in this meet and confer process first or establishes that

21   the Designating Party is unwilling to participate in the meet and confer process in a

22   timely manner.

23        6.3    The burden of persuasion in any such challenge proceeding shall be on

24   the Designating Party.  Frivolous challenges, and those made for an improper

25   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

26   parties) may expose the Challenging Party to sanctions.  Unless the Designating

27   Party has waived or withdrawn the confidentiality designation, all parties shall

28   continue to afford the material in question the level of protection to which it is

1  entitled under the Producing Party's designation until the Court rules on the

2  challenge.

3

4  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

5          7.1     Basic Principles.  A Receiving Party may use Protected Material that is

6  disclosed or produced by another Party or by a Non-Party in connection with this

7  Action only for prosecuting, defending or attempting to settle this Action.  Such

8  Protected Material may be disclosed only to the categories of persons and under the

9  conditions described in this Order.  When the Action has been terminated, a

10 Receiving Party must comply with the provisions of section 13 below (FINAL

11 DISPOSITION).

12         Protected Material must be stored and maintained by a Receiving Party at a

13 location and in a secure manner that ensures that access is limited to the persons

14 authorized under this Order.

15         7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless

16 otherwise ordered by the court or permitted in writing by the Designating Party, a

17 Receiving Party may disclose any information or item designated

18 "CONFIDENTIAL" only to:

19         (a)  the Receiving Party's Outside Counsel of Record in this Action, as

20 well as employees of said Outside Counsel of Record to whom it is reasonably

21 necessary to disclose the information for this Action;

22         (b)  the officers, directors, and employees (including House Counsel) of

23 the Receiving Party to whom disclosure is reasonably necessary for this Action;

24         (c)  Experts (as defined in this Order) of the Receiving Party to whom

25 disclosure is reasonably necessary for this Action and who have signed the

26 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27         (d)  the court and its personnel;

28         (e)  court reporters and their staff;

11

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

12

1  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

2  paragraph 7.4(a)(2), below, have been followed];

3          (c) the court and its personnel;

4          (d) court reporters and their staff, professional jury or trial consultants,

5  and Professional Vendors to whom disclosure is reasonably necessary for this

6  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

7  (Exhibit A); and

8          (e) the author or recipient of a document containing the information or

9  a custodian or other person who otherwise possessed or knew the information.

10      7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to

12  Designated House Counsel or Experts.

13          (a)(1) Unless otherwise ordered by the court or agreed to in writing by

14  the Designating Party, a Party that seeks to disclose to Designated House Counsel

15  any information or item that has been designated "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a

17  written request to the Designating Party that (1) sets forth the full name of the

18  Designated House Counsel and the city and state of his or her residence, and (2)

19  describes the Designated House Counsel's current and reasonably foreseeable future

20  primary job duties and responsibilities in sufficient detail to determine if House

21  Counsel is involved, or may become involved, in any competitive decision-making.

22          (a)(2) Unless otherwise ordered by the court or agreed to in writing by

23  the Designating Party, a Party that seeks to disclose to an Expert (as defined in this

24  Order) any information or item that has been designated "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

26  first must make a written request to the Designating Party that (1) identifies the

27  general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

28  information that the Receiving Party seeks permission to disclose to the Expert, (2)

13

sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

Notwithstanding anything to the contrary in the foregoing, the parties stipulate and agree the risk of harm that the disclosure of the Disclosing Party's customer information, including its identity and contact information, shall be deemed to outweigh the Receiving Party's need to disclose them to its Designated House Counsel or the Receiving Party and its directors, shareholders, employees, agents, and contractors.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
        PRODUCED IN THIS LITIGATION

        (a)  The terms of this Order are applicable to information produced by a
Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by
Non-Parties in connection with this litigation is protected by the remedies and relief
provided by this Order.  Nothing in these provisions should be construed as
prohibiting a Non-Party from seeking additional protections.

        (b)  In the event that a Party is required, by a valid discovery request, to
produce a Non-Party's confidential information in its possession, and the Party is
subject to an agreement with the Non-Party not to produce the Non-Party's
confidential information, then the Party shall:

        (1)  promptly notify in writing the Requesting Party and the Non-Party
that some or all of the information requested is subject to a confidentiality
agreement with a Non-Party;

        (2)  promptly provide the Non-Party with a copy of the Stipulated
Protective Order in this Action, the relevant discovery request(s), and a reasonably
specific description of the information requested; and

        (3)  make the information requested available for inspection by the
Non-Party, if requested.

        (c)  If the Non-Party fails to seek a protective order from this court within
14 days of receiving the notice and accompanying information, the Receiving Party
may produce the Non-Party's confidential information responsive to the discovery
request.  If the Non-Party timely seeks a protective order, the Receiving Party shall
not produce any information in its possession or control that is subject to the
confidentiality agreement with the Non-Party before a determination by the court.
Absent a court order to the contrary, the Non-Party shall bear the burden and

16

1    expense of seeking protection in this court of its Protected Material.

2    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4    Protected Material to any person or in any circumstance not authorized under this

5    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

6    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

7    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

8    persons to whom unauthorized disclosures were made of all the terms of this Order,

9    and (d) request such person or persons to execute the "Acknowledgment and

10   Agreement to Be Bound" that is attached hereto as Exhibit A.

11   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

12          PROTECTED MATERIAL

13        When a Producing Party gives notice to Receiving Parties that certain

14   inadvertently produced material is subject to a claim of privilege or other protection,

15   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

16   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

17   procedure may be established in an e-discovery order that provides for production

18   without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

19   (e), insofar as the parties reach an agreement on the effect of disclosure of a

20   communication or information covered by the attorney-client privilege or work

21   product protection, the parties may incorporate their agreement in the stipulated

22   protective order submitted to the court.

23   12.    MISCELLANEOUS

24        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

25   person to seek its modification by the Court in the future.

26        12.2   Right to Assert Other Objections.  By stipulating to the entry of this

27   Protective Order, no Party waives any right it otherwise would have to object to

28   disclosing or producing any information or item on any ground not addressed in this

1    Stipulated Protective Order.  Similarly, no Party waives any right to object on any
2    ground to use in evidence of any of the material covered by this Protective Order.

3         12.3   Filing Protected Material.  A Party that seeks to file under seal any
4    Protected Material must comply with Local Civil Rule 79-5.  Protected Material
5    may only be filed under seal pursuant to a court order authorizing the sealing of the
6    specific Protected Material at issue.  If a Party's request to file Protected Material
7    under seal is denied by the court, then the Receiving Party may file the information
8    in the public record unless otherwise instructed by the court.

9    13.   <u>FINAL DISPOSITION</u>

10        After the final disposition of this Action, as defined in paragraph 4, within 60
11   days of a written request by the Designating Party, each Receiving Party must return
12   all Protected Material to the Producing Party or destroy such material.  As used in
13   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
14   summaries, and any other format reproducing or capturing any of the Protected
15   Material.  Whether the Protected Material is returned or destroyed, the Receiving
16   Party must submit a written certification to the Producing Party (and, if not the same
17   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
18   (by category, where appropriate) all the Protected Material that was returned or
19   destroyed and (2) affirms that the Receiving Party has not retained any copies,
20   abstracts, compilations, summaries or any other format reproducing or capturing any
21   of the Protected Material. Notwithstanding this provision, Counsel are entitled to
22   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
23   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
24   reports, attorney work product, and consultant and expert work product, even if such
25   materials contain Protected Material.  Any such archival copies that contain or
26   constitute Protected Material remain subject to this Protective Order as set forth in
27   Section 4 (DURATION).
28

18

14.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, injunction, damages for losses and costs incurred by Disclosing Party contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED  <u>June 27, 2022</u>

<u>/s/ Jordan B. Susman</u>
Attorneys for Plaintiff

DATED  <u>June 27, 2022</u>

<u>/s/ Peter K. Chu</u>
Attorneys for Defendant

## <u>ORDER</u>

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:   <u>July 5, 2022</u>

_____
HON. GAIL J. STANDISH
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____